FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIV.
15 JAN 12 AM 11: 25
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MIDWEST ENVIRONMENTAL SERVICES, INC. OF INDY and CENTRAL ASBESTOS SERVICES, LLC. <br><br> Defendants. | Civil Action No. <br><br> COMPLAINT <br><br> 1:15-cv-0046 TWP-DML |

Plaintiff Zurich American Insurance Company, by way of Complaint against Defendants Midwest Environmental Services, Inc. of Indy, and Central Asbestos Services, LLC., states as follows:

## PARTIES

1. Plaintiff Zurich American Insurance Company ("ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196. It is authorized to transact business in the State of Indiana.

2. Defendant Midwest Environmental Services, Inc. of Indy ("Midwest") is a domestic corporation organized under the laws of the State of Indiana with a principal place of business at 5525 Georgetown Road, Suite L Indianapolis, Indiana 46254.

3. Defendant Central Asbestos Services, LLC. ("Central") is a domestic corporation organized under the laws of the State of Indiana with a principal place of business at 5525 Georgetown Road, Suite L Indianapolis, Indiana 46254.

4. Rodolfo Funez is the principal of Central whose primary residence, upon information and belief, is 8807 Darkwood, Drive, Indianapolis, Indiana 46234.

## JURISDICTION

5. The amount in controversy between the parties is in excess of $75,000.

6. Jurisdiction is based in diversity of citizenship under 28 U.S.C. §1332.

## COUNT ONE
### Breach of Contract Against Midwest

7. ZAIC repeats, restates and realleges the allegations of paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8. ZAIC issued a policy of workers' compensation and employers liability insurance to Midwest under Policy No. WC 9266598 00 for the effective dates of September 1, 2008 to September 1, 2009 (the "2008 Policy").

9. ZAIC issued a policy of workers' compensation and employers liability insurance to Midwest under Policy No. WC 6724241 00 for the effective dates of September 1, 2010 to September 1, 2011 (the "2010 Policy").

10. The 2008 Policy and the 2010 Policy are hereinafter referred to as "the Policies."

11. The Policies are written contracts which provide insurance coverage for certain liabilities of Midwest, as defined by the Policies in exchange for premiums.

12. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by Midwest regarding their estimated payroll for the effective dates of coverage.

13. Since initial premiums are based on estimated information, the Policies are subject to a post-expiration audit based on actual exposure (i.e. payroll) during the effective dates of coverage. The audit can result in additional or return premiums.

14. The audits of the Policies produced additional premiums of $122,224 owed by Midwest to ZAIC.

15. ZAIC issued invoices for these additional premiums to Midwest in a timely fashion.

16. Midwest failed and refused to remit payment of the $122,224 which it owes to ZAIC pursuant to the terms of the Policies. Through its failure and refusal, Midwest breached the contract between ZAIC and Midwest, i.e. the Policies

17. ZAIC fulfilled its contractual obligations and provided the coverage afforded by the Policies.

18. ZAIC, on numerous occasions prior to filing the instant litigation, demanded payment of the $122,240 owed by Defendants and attempted to collect same without success.

19. Midwest has failed, refused and continues to refuse to pay the balance due and owing to ZAIC thereby causing ZAIC to suffer damages in the amount of $122,224, plus interest, attorney fees and litigation costs.

**WHEREFORE**, ZAIC demands judgment against Midwest in the amount of $122,224 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO
### Unjust Enrichment Against Midwest

20. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 6 of this Complaint as if fully set forth herein.

21. ZAIC has provided insurance coverage and related services to Midwest for which Midwest has refused to pay.

22. ZAIC has been unjustly enriched by the receipt of such coverage and services to ZAIC's detriment.

23. ZAIC has repeatedly demanded that Midwest remit payment of the amounts due and owing to ZAIC.

24. Midwest has failed, refused and continues to refuse to pay the balance due and owing to ZAIC thereby causing ZAIC to suffer damages in the amount of $122,224, plus interest, attorney fees and litigation costs.

**WHEREFORE**, ZAIC demands judgment against Midwest in the amount of $122,224 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Account Stated Against Midwest

25. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

26. Midwest, being indebted to ZAIC upon accounts stated between them, and having acknowledged such debt, promised to pay ZAIC upon demand.

27. ZAIC has repeatedly demanded that Midwest remit payment for the amount owed by Midwest to ZAIC. Midwest, however, has failed and refused to remit payment.

28. Midwest's failure and refusal to pay the acknowledged $122,224 balance due and owing to ZAIC has caused ZAIC to incur damages in the amount of $122,224, plus interest, attorney fees and costs.

**WHEREFORE**, ZAIC demands judgment against Midwest in the amount of $122,224 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
**Fraudulent Transfer Against Midwest and Central**

29. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 28 as if fully set forth herein.

30. Upon information and belief, Midwest transferred and/or conveyed assets to Central with the actual intent to hinder, delay or defraud ZAIC.

31. Upon information and belief, Midwest transferred and/or conveyed assets to Central where the value of consideration received by Midwest was not reasonably equivalent to the value of the assets transferred.

32. Upon information and belief, debtor Midwest transferred and/or conveyed substantially all of its assets to Central.

33. Upon information and belief, Midwest was insolvent or became insolvent shortly after the transfer and/or conveyance of assets to Central.

34. Upon information and belief, Midwest transferred and/or conveyed assets to Central shortly before a substantial debt was incurred.

35. ZAIC, as a direct result of Midwest and Central's fraudulent transfers and other conduct, has suffered damages in the amount of $122,224, plus interest, attorney fees and costs.

**WHEREFORE**, ZAIC demands judgment against Midwest and Central, jointly and severally, in the amount of $122,224 as compensatory damages, together with interest, attorney fess, costs and expenses of suit, and such further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### Piercing the Corporate Veil Against Central

36. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 35 as if fully set forth herein.

37. Upon information and belief, Central is the parent company of Midwest.

38. Upon information and belief, Central, exercises complete dominion and control over Midwest.

39. Upon information and belief, Midwest is the mere tool, business conduit or alter-ego of Central.

40. Upon information and belief, Midwest and Central do not have any genuine or separate corporate existence but have been used and exist for the sole purpose of permitting Midwest and Central to evade existing legal obligations and/or perpetrate fraud.

41. Upon information and belief, Central inadequately capitalized Midwest.

42. Upon information and belief, Central conveyed the assets of Midwest with the intent to improperly avoid liabilities to ZAIC.

43. Upon information and belief, the aforementioned conveyance(s) were made without valuable consideration.

44. ZAIC, as a direct result of the wrongful conduct of Midwest and Central, has suffered damages in the amount of $122,224, plus interest, attorney fees and costs.

45. The interests of justice require that the corporate form of Central be pierced and otherwise disregarded and that Midwest be found liable for the debts of Central.

**WHEREFORE**, ZAIC demands judgment against Central in the amount of $122,224 for compensatory damages, together with interest, attorney fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

Attorneys for Plaintiff
*Zurich American Insurance Company*

Dated: 1/12/15

By: _____
Darrell J. Dolan
*Attorney-at-Law*
*6525 E. 82nd Street, Suite 102*
*Indianapolis, IN 46250*